UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON JONES,

      Plaintiff,

v.

DAWDA, MANN, MULCAHY &
SADLER, PLC, and FRANCES
BELZER WILSON,

      Defendants.

Case No. 24-10277
Honorable Laurie J. Michelson

___

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO
DISMISS [13] WITHOUT PREJUDICE**

___

In October 2021, Sharon Jones tried to buy a car. (ECF No. 11, PageID.274.) She got pre-approved for financing through the Bank of America, selected a car from Erhard BMW, and made a down payment. (*Id.*) But shortly after, her financing fell through. (*Id.* at PageID.276.) Jones expected Erhard to offer her alternative financing but instead Erhard retained Dawda, Mann, Mulcahy & Sadler, PLC (hereinafter "Dawda") to collect Jones' debt. (*Id.* at PageID.276–277.) Attorney Frances Wilson, on behalf of Dawda, began contacting Jones about her debt, and Jones says she made several false representations in these correspondences. (*Id.* at PageID.277–280.)

Eventually, in March 2022, Dawda filed suit in Oakland County Circuit Court to repossess Jones' vehicle. (*Id.* at PageID.280.) The Court denied the motion for possession. (*Id.* at PageID.281.) Jones filed a counter-complaint, alleging that Dawda violated the Michigan Consumer Protection Act and the Michigan Regulation of

Collection Practices Act by engaging in deceptive and abusive debt collection practices. (ECF No. 13, PageID.1190; *see also* ECF No. 13-6, PageID.1266–1273.) The court dismissed Jones' claims with prejudice because the MCPA and MRCPA only cover personal debts, and the court found that Jones purchased the vehicle primarily for business purposes. (ECF No. 13, PageID.1190–1191.) It based this finding on the fact that the contract between Jones and Erhard stated the vehicle was being purchased for a business use, and that Jones bought the vehicle with a business loan, purchased it jointly with her law firm, obtained business auto insurance, and claimed 100% business use of the vehicle on her tax returns. (ECF No. 13-9, PageID.1318, 1330–1331; *see also* ECF No. 15, PageID.1361, 1369–1370.) Jones filed for leave to immediately appeal, but the Michigan Court of Appeals denied her application. (ECF No. 13, PageID.1196–1197.) The state case remains pending. *See Erhard Motor Sales, Inc. v. Sharon Jones*, No. 2022-193143-PD (Mich. 6th Cir. Ct. *filed* Mar. 16, 2022), https://perma.cc/VB5L-9EPQ.

Meanwhile, in May 2024, Jones filed this case in federal court alleging Dawda and Wilson violated the MCPA, MRCPA, Fair Debt Collection Practices Act, and Michigan Occupational Code by misrepresenting facts related to her debt and using oppressive and abusive methods to collect her debt. (*See* ECF Nos. 1, 11.) Dawda and Wilson moved to dismiss, arguing that Jones' claims fail because she bought the vehicle primarily for business purposes and the MCPA, MRCPA, FDCPA, and MOC only cover debts "primarily for personal, family, or household purposes." (ECF No. 13, PageID.1198–1199.) And they argue that Jones is prevented from relitigating this

dispute under the doctrine of collateral estoppel, since the state court already adjudicated this issue. (*Id.* at PageID.1201.) But Jones says she used the vehicle primarily for personal purposes, that the Oakland County Circuit Court erred in failing to consider her deposition testimony to that effect, and that collateral estoppel should not apply here because the state court's order is not a final judgment and it does not address identical claims, only similar ones. (ECF No. 15, PageID.1363.)

Collateral estoppel prevents parties from re-litigating issues that were "actually and necessarily determined" in a prior proceeding that ended in a "valid final judgment." *Barrow v. Pritchard*, 597 N.W.2d 853, 855 (Mich. Ct. App. 1999); *see also Rental Props. Owners Ass'n of Kent Cnty. v. Kent Cnty. Treasurer*, 866 N.W.2d 817, 834 (Mich. Ct. App. 2014) ("Generally, application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel.").[1] "A decision is final when all appeals have been exhausted or when the time for [taking] an appeal has passed." *Leahy v. Orion Twp.*, 711 N.W.2d 438, 441 (Mich. Ct. App. 2006). While courts do sometimes apply collateral estoppel before appeals have been exhausted, *Farmers Ins. Exch. v. Young*, Nos. 275584, 283865, 2010 WL 3021860, at *3, 6 (Mich. Ct. App. Aug. 3, 2010) (collecting cases), if a judgment is overturned, it is no longer

---

[1] Federal courts give "the same preclusive effect to a state-court judgment that the judgment would receive in the rendering state." *Watermark Senior Living Ret. Cmtys, Inc. v. Morrison Mgmt Specialists, Inc.*, 905 F.3d 421, 426 (6th Cir. 2018). Since the prior decision was rendered by a Michigan court, Michigan preclusion law applies.

3

preclusive, *Hackley v. Hackley*, 395 N.W.2d 906, 910 (Mich. 1986) ("[A] question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, *so long as the judgment in the first suit remains unmodified.*" (emphasis added) (quoting *United States v. Moser*, 266 U.S. 236, 241 (1924))).

Jones' briefing makes clear that she intends to challenge the state court's finding that she used her vehicle for business purposes on appeal. (ECF No. 15, PageID.1377–1380.) Indeed, she has already tried to do so, but the Court of Appeals denied her application for interlocutory appeal, so she must wait to take a final appeal. (*Id.* at PageID.1362.) Collateral estoppel is a doctrine designed to promote judicial efficiency. *People v. Trakhtenberg*, 826 N.W.2d 136, 142 (Mich. 2012) (stating that the purpose of the doctrine is to "reliev[e] parties of the cost and vexation of multiple lawsuits, conserv[e] judicial resources, and, by preventing inconsistent decisions, encourag[e] reliance on adjudication" (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980))). At this time, it is not efficient for this Court to decide the very issue that has already been decided in the state trial court and will next be reviewed by the Michigan Court of Appeals.

This is especially true since the state court's ruling will likely be preclusive here—at least as to some of Jones' claims. Jones argues that the state court's ruling on whether her debt was personal or business-related under the MCPA and MRCPA is not preclusive as to whether her use was personal or business-related under the FDCPA, because the FDCPA focuses on "the actual use of the funds" whereas the

4

state court "looked to the manner in which the loan was memorialized as dispositive." (ECF No. 15, PageID.1363.) The Court is not convinced that Jones is adequately summarizing the state court findings.  But even so, the issue of personal versus business use is likely to be an issue she raises in the court of appeals. And her argument ignores the fact that she also brings MCPA and MRCPA claims in this case as well. (*See* ECF No. 11, PageID.289–291, 293–297.) The state court's ruling would certainly be preclusive as to those claims.

This is true even though Jones' claims in this case are against Dawda and Wilson instead of Erhard. Dawda, Wilson, and Erhard are in privity with one another—Dawda being Erhard's assignee for Jones' debt and Wilson being Dawda's employee—so collateral estoppel would still apply. *See Husted v. Auto–Owners Ins. Co.,* 540 N.W.2d 743, 747 (Mich. Ct. App. 1995), *aff'd* 591 N.W.2d 642 (Mich. 1999) ("A person is in privy to a party if, after the judgment, the person has an interest in the matter affected by the judgment through one of the parties, such as by inheritance, succession, or purchase."); *Farmers Ins.*, 2010 WL 3021860, at *5 ("[F]or collateral estoppel to preclude relitigation of issues, the parties in the second action must be the same as *or privy to* the parties in the first action." (emphasis added)). And Jones does not argue to the contrary. What is more, Dawda and Wilson are asserting collateral estoppel defensively against Jones, who was a party to the previous litigation and who is actively litigating the issue by seeking appeal, so mutuality would not be required. *See Monat v. State Farm*, 677 N.W.2d 843, 845–46 (Mich. 2004) (holding that where collateral estoppel "is being asserted defensively

against a party who has already had a full and fair opportunity to litigate the issue," mutuality of estoppel is not required). Thus, if the Michigan Court of Appeals affirms the Oakland County Circuit Court's ruling that Jones used the vehicle primarily for business purposes, that would be preclusive as to Jones' MCPA and MRCPA claims against Dawda and Wilson—and perhaps her other claims as well.

So the Court will not decide Defendants' motion to dismiss at this time, and will instead stay the case pending the resolution of Jones' state court case and appeal. Jones will suffer no prejudice other than some potential delay if the Court stays this case. And if the Michigan Court of Appeals affirms the lower court's finding that Jones used her vehicle for business purposes, Defendants have a strong likelihood of success on their collateral estoppel argument.

In conclusion, the Court DENIES Defendants' motion to dismiss (ECF No. 13) WITHOUT PREJUDICE to refiling after the Michigan Court of Appeals rules on this issue, or the time for appeal expires. And the Court STAYS the case until that time.

The parties are FURTHER ORDERED to docket a joint submission upon the resolution of the appeal or the underlying state court case *Erhard Motor Sales, Inc. v. Sharon Jones*, No. 2022-193143-PD, and a request for the Court to lift the stay.

SO ORDERED.


Date: December 23, 2024                    s/ Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE